## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-20041-JAR** |
| **CHARLES SHEPHERD,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charles Shepherd's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 33). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion for compassionate release. Accordingly, the Court finds moot Defendant's Motion Requesting Judicial Notice (Doc. 37), asking the Court to treat his motion as unopposed due to the government's dilatory response.

## I.    Background

On March 2, 2021, Defendant pled guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(2)—distribution of child pornography.[1] During the investigation, FBI agents interviewed Defendant, who admitted to using a software program to search for child pornography, keeping child pornography on an external hard drive attached to his computer, and collecting child pornography since at least 2008. A forensic examination of Defendant's computer revealed that Defendant possessed over 1900 images and over 500 videos depicting prepubescent children engaged in sexually explicit conduct.

---

[1] Doc. 16.

The Presentence Investigation Report ("PSR") calculated a total offense level of 34, which included a two-level adjustment because the offense involved the use of a computer for the possession, transmission, receipt, and distribution of the material under U.S.S.G. § 2G2.2(b)(6).  With no criminal history points and a criminal history category of I, Defendant's guidelines range was 151–188 months' imprisonment.  At the sentencing hearing, Defendant objected to the two-point adjustment for use of a computer, which if granted, would have resulted in lowering the guidelines range to 121–151 months.  He also requested a variance to 93 months under 18 U.S.C. § 3553(a).  The government asked the Court to impose a sentence at the low-end of the guidelines range calculated in the PSR, 151 months.

The Court granted Defendant's PSR objection and request for a variance, and sentenced Defendant to a term of 84 months' imprisonment and five years' supervised release.  Defendant was also ordered to pay $6,000 in restitution and an assessment of $5,000 under the Justice for Victims of Trafficking Act of 2015.[2]

Defendant is currently located at Fort Dix Federal Correctional Institution ("Fort Dix"), in New Jersey.  His projected release date is July 9, 2027.  Defendant's release plan is to live with his son and daughter-in-law at their home in Bonner Springs, Kansas.

## II.    Discussion

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[3] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[2] Pub. L. No. 114-22, 129 Stat. 227.

[3] Pub. L. No. 115-391, 132 Stat. 5194.

defendant's facility, whichever is earlier."  Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[4]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[5]  If the Court grants the motion, however, it must address all three steps.[6]

### A.    Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[7]  Here, the government concedes that Defendant exhausted his claim.  The Court thus proceeds to the merits.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[8]  That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[9]  Before November 1,

---

[4] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[5] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[6] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (citation omitted)).

[7] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[8] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[9] *Id.* at 832, 836–37.

2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[10]  Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[11]  On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[12]  The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts.  The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence."[13]

Defendant argues that the following extraordinary and compelling reasons justify compassionate release in his case: (1) the conditions of his confinement; (2) his myriad serious medical conditions combined with his age; and (3) his excessive confinement.  The Court discusses each in turn, and finds that none of these reasons in isolation or in the aggregate are extraordinary and compelling under the statute and policy statement.

### 1.    Conditions of Confinement

Defendant first argues that the conditions of his confinement at Fort Dix are extraordinary and compelling reasons for compassionate release.  He recites a laundry list of poor conditions at this facility, including overcrowding, disrepair, poor ventilation, black mold, and lockdowns.  Defendant further argues that these issues cause increased violence, lack of

---

[10] *Id.* at 832, 836–37.

[11] *Id.* at 837.

[12] *United States v. Bradley*, –F.4th–, No. 23-1223, 2024 WL 1500654, at *2 n.1 (10th Cir. Apr. 8, 2024).

[13] U.S.S.G. § 1B1.13(b).

family visitation, and limit rehabilitative programming and recreational opportunities for inmates.  Defendant argues that there were widespread outbreaks of COVID-19 during the pandemic largely due to the conditions there, and that while the facility currently reports zero COVID cases, that number is deceiving because the facility no longer tests inmates.

Generally, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action."[14]  Nonetheless, the Sentencing Commission's recent policy statement includes the following guidance on the degree to which conditions of confinement constitute extraordinary and compelling circumstances:

> (D) The defendant presents the following circumstances—
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.[15]

The policy statement makes clear that pandemic-related conditions of confinement must be specific to the defendant to constitute extraordinary and compelling circumstances.

None of the conditions cited by Defendant are specific to him; they are issues impacting all prisoners at Fort Dix.  Crediting the generalized conditions recited in Defendant's motion would justify compassionate release for all prisoners at Fort Dix who were housed there during the pandemic.  Moreover, as Defendant admits in his motion, he fails to demonstrate that there is

---

[14] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

[15] U.S.S.G. § 1B.13(b)(1)(D).

"an ongoing outbreak of infectious disease, or . . . an ongoing public health emergency declared by the appropriate federal, state, or local authority" that would satisfy U.S.S.G. § 1B.13(b)(1)(D)(i).  Finally, the Court notes that Defendant is vaccinated for COVID-19, which mitigates his risk of acquiring it.[16]  Accordingly, the conditions of confinement cited in Defendant's motion do not constitute extraordinary and compelling circumstances that justify compassionate release.

### 2.    Medical Conditions

Defendant is 80 years old and suffers from several health conditions.  Defendant argues that the combination of his age and myriad medical conditions has caused his physical and mental health to decline while in prison, and that he is unable to obtain the medical care he requires there.  Specifically, Defendant contends that he suffers from the following medical conditions: spinal stenosis, stage 3 chronic kidney disease, basal cell carcinoma, inguinal hernia, possible temporal mandibular joint ("TMJ") and associated jaw pain, hearing deficits due to missing hearing aids, gastroesophageal reflux disease ("GERD") and associated Barrett's Syndrome, hypertension, and an aortic aneurysm.  Both Defendant and the government submitted Defendant's medical records for the Court's review.

Under U.S.S.G. § 1B.13(b)(1)(B) and (C), the Court may find extraordinary and compelling circumstances present if:

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

---

[16] Doc. 33-4; *see, e.g.*, *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

>    (iii) experiencing deteriorating physical or mental health because of the aging process,
>
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>    (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.[17]

The Court cannot find that extraordinary and compelling circumstances exist under subsections (B) or (C) of the policy statement.

The most recent medical records indicate that Defendant does not have an aortic aneurysm, and that his GERD is controlled with Prilosec.[18]  These records further indicate that plastic surgery was performed to remove the lesion on Defendant's right temple in late 2023, after Defendant filed this motion.  There is no indication in the record that the biopsy on Defendant's lesion was positive for basal cell carcinoma, only that Defendant has a history of such.[19]  There is no indication in the medical records that Defendant was diagnosed with spinal stenosis, only that the BOP medical provider ordered an MRI to check for spinal stenosis in August 2023, and that a lumbar x-ray completed on August, 17 2023 shows "multi-levels of lumbar and sacral spines arthritis."[20]  Defendant reported lower back pain in late September 2023, and lidocaine was issued for his pain.  There is no mention in the most current medical records of Barrett's Syndrome.

---

[17] U.S.S.G. § 1B.13(b)(1)(B)–(C).

[18] *See* Doc. 39-1 at 5.

[19] *See id.* at 2.

[20] Doc. 33-2 at 6.

The most recent medical records show that Defendant suffers from the following current physical or medical conditions: an enlarged prostate with lower urinary tract symptoms, hypertension, hyperlipidemia, an inguinal hernia, neuralgia and neuritis, and hearing loss.  He is prescribed medication for several of these issues, including lidocaine for his back pain.  While these conditions alone or in combination could be considered "serious," there is no evidence that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of the correctional facility."[21]  Instead, the medical records make clear that Defendant has been seen frequently over the last year when he has complained.  The also show that the doctors have ordered tests and follow-up on his current conditions, that he has had at least one plastic surgery procedure, and that he has been prescribed several medications to control his chronic medical problems and pain.

Defendant complains of the Bureau of Prison's failure to follow up and treat his hernia and replace hearing aids that were stolen from him when he was still at Leavenworth.  The medical records indicate that Defendant received a surgical consult for his hernia, and that the surgeon recommended surgery and referred him to a urologist.[22]  There is no follow-up medical record showing that Defendant received this surgery, and his September 27, 2023 medical record indicates he continues to be diagnosed with the hernia.  There is also no indication in the record that Defendant's hearing aids have been replaced, despite many requests by Defendant. Nonetheless, the Court cannot find on this record that these medical conditions require specialized medical care that is not being provided and without which Defendant is at risk of

---

[21] U.S.S.G. § 1B.13(b)(1)(B).

[22] Doc. 33-2 at 3–4.

serious deterioration in health or death.  Accordingly, the Court does not find that Defendant's age and medical conditions constitute extraordinary and compelling circumstances.

### 3.      Excessive Confinement

Finally, Defendant argues that his "excessive confinement" constitutes an extraordinary and compelling circumstance.  Again, Defendant cites to generalized impacts of incarceration on prisoners' health and well-being: poor conditions of his confinement that put him at increased risk of acquiring COVID-19 given his age, as well as mental health, social stigma, and family and community disruptions.  As stated above, an inmate cannot challenge his generalized conditions of confinement through a motion for compassionate release, and they are only relevant to the extraordinary and compelling circumstances inquiry if they are individualized to the defendant.  Defendant's arguments about the negative impact of incarceration on his health and well-being are not specific to him.[23]

### C.      Section 3553(a) Factors

The Court next considers the factors set forth in § 3553(a) in light of post-sentencing developments.[24]  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

---

[23] To the extent Defendant purports to invoke the "unusually long sentence" provision in the policy statement, it does not apply.  U.S.S.G. § 1B1.13(b)(6) applies when the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment."  It also only applies where there has been a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  These circumstances are not present here.

[24] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." (citation omitted)); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[25]  "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[26]

Defendant argues that his sentence of 84 months is harsher than this Court intended it to be upon sentencing, given the conditions of his confinement and his serious medical conditions. He further argues that he is a first-time, non-violent offender, he has dedicated himself to rehabilitation while in prison, and he has already served more time than is necessary to meet the objectives of the sentence.  He contends in his motion that he has paid the balance of restitution ordered by the Court at sentencing.

The issues Defendant asks the Court to consider under § 3553 were largely taken into account when the Court originally sentenced Defendant to 84 months' imprisonment—a sentence well below the 93 months he requested.  The Court considered evidence presented at the sentencing hearing that Defendant poses a low to moderate risk of reoffending, has shown remorse for his offense, and voluntarily engaged in treatment for issues related to his offense for 37 months between the time of his arrest and sentencing.  The Court also considered evidence presented at that hearing about Defendant's age and health.  Counterbalancing these mitigating circumstances was the fact that Defendant was convicted of distributing child pornography, including by collecting it for at least ten years before his arrest.  A large volume of child

---

[25] 18 U.S.C. § 3553(a).

[26] *United States v. Bradley*, –F.4th–, No. 23-1223, 2024 WL 1500654, at *3 (10th Cir. Apr. 8, 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

pornography was found on his computer, including videos and images of prepubescent children. Although this is a non-violent offense, it is a serious one. Defendant has only served about half of the sentence imposed.

While it is true that Defendant's health has continued to decline since the time of sentencing, as described above, it has not been to a degree that was unpredictable to the Court at the time of sentencing, and the medical records do not demonstrate that his medical issues rise to the level required by the Sentencing Commission's Policy Statement to constitute extraordinary and compelling circumstances. While the Court commends Defendant's efforts at rehabilitation while in prison, and is sympathetic to the challenges of aging while incarcerated, these factors alone fail to compel a finding that compassionate release is warranted here. Thus, even if the Court found extraordinary and compelling circumstances present in Defendant's case, it would find that the § 3553(a) factors weigh against compassionate release.

In sum, Defendant fails to establish any of the three prerequisites for compassionate release under 18 U.S.C. § 3582(c)(1)(A); therefore, his motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Charles Shepherd's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 33) is **denied**. Defendant's Motion Requesting Judicial Notice (Doc. 37) is **moot**.

**IT IS SO ORDERED.**

Dated: April 15, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE